# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                No. CR 13-0960 JB

MICHAEL A. CHAVEZ,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Appeal of April 29, 2013 Order of Detention, filed May 11, 2013 (Doc 17)("Detention Appeal").  The Court held a hearing on May 23, 2013.   The primary issues are: (i) whether the Court should release Defendant Michael A. Chavez pretrial under conditions that mitigate his risk of flight; and (ii) whether the Court should release Chavez under conditions that mitigate the risk of danger that he presents to the community.  The Court concludes that, given Chavez' five previous felony convictions, eight probation or parole violations, and his failure to appear, he will not perform well on pretrial release and the Court will have to send the United States Marshall to arrest him. Given his prior conviction for battery on a peace officer, his release thus puts the community, and especially these officers, at risk which the Court cannot mitigate to a reasonable level.  The Court will, for the reasons stated on the record at the hearing, therefore deny the appeal and affirm the Honorable Karen B. Molzen, Chief United States Magistrate's Detention Order Pending Trial, filed April 29, 2013 (Doc. 10).

## FACTUAL BACKGROUND

Chavez has five felony convictions.  Included in these felony convictions is a conviction

for battery upon a peace officer. Additionally, Chavez has been arrested five times for driving under the influence or driving while intoxicated.  Since the age of fifteen, Chavez has been arrested fifteen times.

The pre-trial report that the United States Pretrial Services prepared reflects that Chavez has violated probation or parole at least eight times.  On November 4, 2008, a bench warrant was issued for Chavez, because he failed to appear for a court date.

On December 20, 2012, Santa Fe, New Mexico Police Detective Laurie Kovach conducted a traffic stop of a beige-gold colored Cadillac Seville which passed Kovach at a high rate of speed over a double yellow line and into oncoming traffic. Kovach identified Chavez as the driver. When Kovach called Dispatch with the identification information that Chavez provided, Dispatch told Kovach that Chavez did not have a valid driver's license, and that his status was a suspended or revoked license under NMSA 1978, § 66-8-122(G), which means that the person's license was revoked or suspended because the person refused to submit to a chemical test or testing under the implied consent statute, or that the person was convicted of driving under the influence of liquor or drugs. Kovach also determined that the vehicle was co-registered in Chavez' name.   Kovach asked Chavez to step out of the vehicle and arrested him. During a search of the vehicle, Kovach found a loaded .40 caliber handgun with an altered or obliterated serial number.  A federal grand jury charged Chavez in a two-count indictment with being a felon in possession of a firearm and ammunition, and with possession of a firearm with an obliterated serial number.  See Indictment, filed March 27, 2013 (Doc. 2).

## LAW REGARDING PRETRIAL DETENTION

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 through 3150, a defendant

may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and

upon a finding "that no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of any other person and the community."  18

U.S.C. § 3142(e).  At such a hearing, the United States bears the burden of proving risk of flight

by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-

convincing evidence.  See 18 U.S.C. § 3142(f); United States v. Cisneros, 328 F.3d 610, 616

(10th Cir. 2003).  "The rules concerning the admissibility of evidence in criminal trials do not

apply to the presentation and consideration of information at the [detention] hearing."  18 U.S.C.

§ 3142(f).  To determine whether pretrial detention is warranted, the judicial officer must

consider the statutory factors set forth in 18 U.S.C. § 3142(g):

> (g)      **Factors to be considered.** -- The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning --
>
> > (1)      the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > (2)      the weight of the evidence against the person;
> >
> > (3)      the history and characteristics of the person, including --
> >
> > > (A)      the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > >
> > > (B)      whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

8 U.S.C. § 3142(g).

When a defendant is charged with certain crimes, however, a presumption arises that the defendant is a flight risk and a danger to the community.  See 18 U.S.C. § 3142(e)(3); United States v. Villapudua-Quintero, 308 F. App'x 272, 273 (10th Cir. 2009)(unpublished)(per curiam)(recognizing that 18 U.S.C. § 3142(e) establishes a rebuttable presumption favoring detention in the case of, among other defendants, certain alleged drug offenders).  18 U.S.C. § 3142(e)(3)(A) provides that a presumption of detention arises when "there is probable cause to believe that the person committed" certain drug offenses, specifically "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46."  18 U.S.C. § 3142(e)(3)(A).  The United States Court of Appeals for the Tenth Circuit has explained that "[t]he grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more."  United States v. Silva, 7 F.3d 1046, 1046 (10th Cir. 1993).  Accord United States v. Holguin, 971 F. Supp. 2d 1082, 1088 (D.N.M. 2011)(Browning, J.).  "'Once the presumption is invoked, the burden of production shifts to the defendant.'"  United States v. Holguin, 791 F. Supp. 2d at 1087 (quoting United States v. Stricklin, 932 F.2d at 1354-55).

- 4 -

To determine whether the defendant has rebutted the presumption of detention, a court must consider: (i) the nature and  circumstances of the crime charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history, and past conduct; and (iv) the nature and seriousness of the danger to the community or to an individual that would be posed by release.  See 18 U.S.C. § 3142(g).  "Should the defendant satisfy his or her burden of production 18 U.S.C. § 3142(f), the United States must then show by a preponderance of the evidence that the defendant presents a risk of flight, or by clear-and-convincing evidence that the defendant presents a danger to the community."  United States v. Holguin, 791 F. Supp. 2d at 1087 (citing United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001); United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991)("[T]he burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.")).  Notably, however, even if the defendant meets his or her burden of production 18 U.S.C. § 3142(f), "the presumption remains a factor for consideration by the district court in determining whether to release or detain."  United States v. Stricklin, 932 F.2d at 1355.  Accord United States v. Mercedes, 254 F.3d at 436.

## THE DISTRICT COURT'S STANDARD OF REVIEW

Section 3145(a) of Title 18 provides that a "court having original jurisdiction over the offense" may review a magistrate judge's detention order or release order.  18 U.S.C. § 3145(a)-(b).  "The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo."  United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003).  "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent

- 5 -

determination of the proper pretrial detention or conditions for release."   United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).   See United States v. Maull, 773 F.2d 1479, 1481 (8th Cir.1985)(stating that a district court's review of magistrate judge's order setting bond was de novo).

## ANALYSIS

Chavez is correct that, because of the charges that he faces, the 18 U.S.C. § 3142 (e)(3)(A) presumption of detention does not apply here.   The United States thus shoulders the burden to prove that Chavez is risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-convincing evidence.   See 18 U.S.C. § 3142(f).   Given Chavez' lengthy criminal history of arrests and of substance abuse, including five arrests for driving while intoxicated, the United States has proven by clear-and-convincing evidence that Chavez presents a danger to the community.   Because Chavez has violated probation or parole at least eight times, not including the incident in which a bench warrant issued because he failed to appear for a court date, the Court concludes that Chavez would not do well on pre-trial release, and the Marshalls would have to retrieve him.   Chavez notes that he has been arrested in the past for Battery Upon a Peace Officer.   See Detention Appeal ¶ 10, at 5.   In light of this arrest, the Court concludes that releasing Chavez pre-trial would not only put the community at risk, but would put the Marshalls at risk.   The Court finds that there are no conditions or combination of conditions that can lessen that risk to an acceptable level.   It seems very likely he will violate and need to be arrested, putting the Marshalls at risk of danger.   The Court therefore concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."   18 U.S.C. § 3142(e). Accordingly, the Court will deny his Detention Appeal and affirm Judge Molzen's Detention

Order Pending Trial.

**IT IS ORDERED** that: (i) the Defendant's Appeal of April 29, 2013 Order of Detention, filed May 11, 2013 (Doc. 17), is denied; and (ii) the Magistrate Judge's Detention Order Pending Trial, filed April 29, 2013 (Doc. 10), is affirmed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Louis E. Valencia
  Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Arturo B. Nieto
Nieto Law Office
Albuquerque, New Mexico

      *Attorney for the Defendant*